IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOVAN K. SINGLETON, # 154374                                                                  PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 5:22cv5-DCB-FKB

WILKINSON COUNTY CORRECTIONAL
FACILITY WARDEN and DEREK
WASHINGTON                                                                                    DEFENDANTS

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Jovan K. Singleton is incarcerated with the Mississippi Department of Corrections. He initiated this action on February 7, 2022.

On April 7, 2022, the Court ordered Singleton to respond to certain inquiries regarding the Complaint by April 21. When he failed to do so, on May 6, the Court entered the Order to Show Cause [13], directing him to show cause why this case should not be dismissed for failure to obey an Order [12] of the Court. When Plaintiff still did not respond, the Court entered a Second Order to Show Cause [14], on June 3, directing him to show cause why this case should not be dismissed for failure to obey the Court's Orders.

All Orders were sent to Plaintiff's address of record and were not returned as undeliverable. To date he has neither responded nor otherwise contacted the Court. The Court has warned Plaintiff that failure to comply may lead to the dismissal of his Complaint. (2d Order to Show Cause at 1); (Order to Show Cause at 1); (Order Requiring Pl. to Respond at 1); (Order Setting Payment Schedule at 3); (Order [3] at 2). It is apparent from Plaintiff's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this case should be and is hereby dismissed without prejudice for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the  26th  day of July, 2022.

                                                  s/David Bramlette
                                                  UNITED STATES DISTRICT JUDGE